UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS VIVES,

            Plaintiff,

-against-

CARL BENNETT; JOSEPH FARRELL; and
MICHAEL GROSS,

            Defendants.

21-CV-6984 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Attica Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that the Defendant police officers violated his rights during (1) his February 9, 2006, arrest and (2) his subsequent criminal proceedings, in which he was convicted of the charges upon which he had been arrested. He claims that Defendants Carl Bennett and Joseph Farrell falsely stated during his state court criminal proceedings that Defendant Michael Gross participated in the arrest. By order dated September 24, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

    For the reasons set forth in this order, the Court dismisses the complaint for failure to state a claim.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court

must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action arises out of Plaintiff's February 9, 2006, arrest in New York, New York, and his 2018 request for documents from the New York City Police Department (NYPD) regarding that arrest, made pursuant to New York State's Freedom of Information Law (FOIL), *see* N.Y. Pub. Off. L. § 87. He names as Defendants former NYPD officer Carl Bennett, an arresting officer; Sergeant Joseph Farrell, also an arresting officer; and Michael Gross, a third arresting officer who is the subject of Plaintiff's 2018 FOIL request.

The following facts are taken from the complaint. Plaintiff filed a FOIL request in 2018, seeking information regarding Officer Gross's involvement in Plaintiff's 2006 arrest for first- and second-degree robbery. According to Plaintiff, "Police Officer Michael Gross, observed the Plaintiff, and seized him, after a physical altercation, placing the Plaintiff [in] handcuffs and after searching the Plaintiff, found several incriminating items." (ECF 1, at 5.) At trial, Defendants Bennet and Farrell "testified to the Plaintiff being arrested by Police Officer Michael Gross." (ECF 1, at 6.)

On May 15, 2018, "after discovering that his alleged arresting officer [Gross] had not testified during any of his Pre-trial and Jury trial proceedings," Plaintiff filed a FOIL request with the NYPD. (ECF 1, at 6.) In response to the request, Plaintiff alleges, the NYPD "stated that no such Police Officer existed." (ECF 1, at 6.) Specifically, the NYPD stated in its response that

> a diligent search was conducted for a Police Officer Michael Gross, and no records were located. This search encompassed both present day records as well as the entire year of 2006. Pursuant to this search, no Police Officer named Michael Gross could be located as an employee of the NYPD at any point during the time of this incident or at any point since.

(ECF 1, at 3.) Plaintiff attaches to the complaint the NYPD letter, from which Plaintiff accurately quotes. (ECF 1, at 19.) He also attaches to the complaint transcripts from his trial showing that Bennett testified that he and Gross arrested Plaintiff. (ECF 1, at 22-26.)

Plaintiff argues that he "was illegally and wrongfully seized by New York City Police Officer(s), without committing any incriminating offense and without any formal charges pending . . . ." (ECF 1, at 7.) He also argues that Officer Gross "allegedly observed the Plaintiff committing a push-in-robbery," even though "the FOIL officer stated . . . [that Gross] was not employed by [the] NYPD, during the alleged incident of February 9th, 2006 nor was Michael Gross, within the NYPD files and records, of [that] date." (ECF 1, at 8.) Plaintiff asserts that these facts support a due process claim, and that his "[s]ubstantive due process rights were violated, when . . . Bennett and . . . Farrell[ ] stated that NYPD Police Officer Michael Gross, detained the Plaintiff, after he observed the altercation with the arresting officer of the Plaintiff, '[a]llegedly, Police Officer Michael Gross.'" (ECF 1, at 9) (alterations in the original). In support of this claim, Plaintiff alleges that he "was deprived of his liberty or personal interest" when he was unlawfully arrested. (ECF 1, at 10.)

Plaintiff also raises a Fourth Amendment claim, arguing that Bennett "unlawfully and illegally seized [him]," and Farrell "unlawfully and wrongfully, stated that a non-existent Police Officer, arrested the person of the Plaintiff . . . and seized, and/or allowed the Plaintiff, to be unlawfully seized, within the jurisdiction, knowing that such Police Officer named Michael Gross, did not exist." (ECF 1, at 16.)

Plaintiff "seeks a speedy '**BENCH TRIAL**'" and money damages (ECF 1, at 10) (emphasis in original), although he concedes that under *Heck v. Humphrey*, 512 U.S. 477 (1994), he cannot seek relief arising out of any alleged violations during his arrest, (ECF 1, at 3 n.1).

4

According to publicly available records, Plaintiff appealed his December 21, 2006, conviction, upon which he was sentenced to 17-years' incarceration, and the Appellate Division, First Department, affirmed the conviction on April 14, 2009. *People v. Vives*, 61 A.D.3d 489 (1st Dep't 2009). On June 26, 2009, the New York State Court of Appeals denied Plaintiff leave to appeal. 12 N.Y.3d 921 (2009).

## DISCUSSION

**A.     Claims arising from Plaintiff's arrest and prosecution**

Plaintiff asserts that the NYPD's response to his FOIL request – that the FOIL officer could not locate an officer named Michael Gross employed by the NYPD at the time of Plaintiff's arrest – proves that Gross did not in fact arrest him and, therefore, arresting officers Bennett and Farrell violated his rights during his criminal proceedings by testifying that Gross had participated. Even if the Court assumes that Defendant Gross did not participate in Plaintiff's arrest, and that Defendants Farrell and Bennett testified falsely as to his involvement, any civil damages claim based on the contention that his constitutional rights were violated as a result of such alleged false testimony is barred under United States Supreme Court precedent because, as Plaintiff concedes, he was convicted of his arrest charges. Under that precedent, the Supreme Court has held that:

> a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original). Thus,

> to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

5

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).).

Success in this Section 1983 action – in which Plaintiff challenges the lawfulness of his arrest – would necessarily demonstrate the invalidity of his conviction. As public records show that Plaintiff's conviction has not been reversed or called into question in any way by a court authorized to do so, any claims arising from the 2006 arrest are barred under *Heck* and dismissed for failure to state a claim.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Declining to exercise supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

---

[2] Court records do not show that Plaintiff filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his judgment of conviction. At this stage, however, any collateral challenge would be untimely because Petitioner had one year to do so from the date his judgment became final, *see* 28 U.S.C. § 2244(d)(1), which occurred on September 24, 2009, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States," *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000).

C.      **Denying leave to amend as futile**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction over any state-law claim Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Dated:   December 7, 2021
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge